THE STATE, EX REL. VANSTONE ET AL., *v.* CAREY ET AL.

(No. 4083—Decided December 18, 1944.)

*Messrs. Yager, Bebout & Stecher,* for relator.

Mr. Joel S. Rhinefort, prosecuting attorney, *Mr. Charles H. Brady, Mr. Harold W. Fraser* and *Mr. Francis J. Gallagher,* for respondents.

CARPENTER, J. This is an action in mandamus originating in this court to require the judges of the Court of Common Pleas to enter on the journal of that court an order overruling a motion for a new trial and a final judgment on a verdict returned in favor of the relator in an action to contest a will. To the petition the respondents have filed a general demurrer.

The petition alleges that the relator is the principal beneficiary under, and the executrix of, the last will and testament of Ethel D. VanStone, and that Katherine VanStone Mayer filed the action to contest that will. On December 4, 1943, a verdict sustaining the will was returned by the jury after a trial at which Judge Herman A. Krueger presided. A motion for a new trial was duly filed by the contestant, and on April 6, 1944, Judge Krueger "entered and recorded on the motion docket in said cause the following with respect to said motion for a new trial: 'Overruled; See J. E. Krueger.' "

The petition further alleges that on "April 7, 1944, counsel for relator, in conformity with the rules of practice of the Court of Common Pleas, prepared and submitted to counsel for plaintiff * * * a journal entry entering judgment upon the aforesaid decision of the trial judge; that counsel declined to approve said entry, assigning as a reason therefor the then illness of the court reporter who had officiated at the trial of

said cause, and counsel requested counsel for relator to withhold filing said journal entry until the condition of health of said court reporter could be more definitely ascertained, which request was granted.''

On May 16, 1944, the reporter died, and on July 10, 1944, Judge Krueger died. The petition alleged ''that at that time his decision overruling said motion for a new trial remained unvacated and unmodified on the record of said cause.''

On September 1, 1944, relator filed ''a motion for entry of judgment pursuant to the aforesaid decision of the trial judge overruling the motion for a new trial,'' which three of the respondents, acting for that court, overruled and, instead, granted the motion for a new trial for error in the charge to the jury.

The sole question now before this court is whether the notation Judge Krueger made on the motion docket of the Court of Common Pleas is such evidence of his decision overruling contestant's motion for a new trial that the respondents as his successors in authority can now be compelled by mandamus to put upon the journal of that court an entry overruling that motion and entering a final judgment on the verdict.

The answer to this is found in the statutes of Ohio relating to the entry of judgments and orders and the decisions of the Supreme Court construing them. Counsel for relator cite the decisions of many outside jurisdictions, but an examination of all of them fails to yield any help on our specific question due to the differences in the controlling statutes or practice of the courts.

The first statute to claim attention is Section 11599, General Code, which tells *when* a judgment is to be entered and is as follows:

''When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or considera-

tion immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.''

This provides for two types of action. If no motion for a new trial is filed and no reserve order is made by the court, it is the duty of the clerk to enter judgment on the verdict. This is a ministerial duty. When such motion is filed or reserve order is made, a judicial duty devolves upon the court and a judgment cannot be entered until the court, exercising its discretion on the questions presented, has performed that duty by overruling the motion.

Section 2878, General Code, tells *where* entries shall be made by providing what record books the clerk must keep; among them is a trial docket and a journal. No provision is made for a motion docket. Some courts, and it can be inferred from the allegations of the petition that the Common Pleas Court was one of them, keep motion dockets for their own convenience.

Section 11604, General Code, tells *how* entries shall be made:

''All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court.''

That a court speaks only through its journal has been said by the Supreme Court many times. *State, ex rel. Indus. Comm.*, v. *Day, Judge*, 136 Ohio St., 477, 26 N. E. (2d), 1014, and cases there cited. The latest decision is that of *State, ex rel. Curran*, v. *Brookes, Jr.*, 142 Ohio St., 107, 50 N. E. (2d), 995.

In the recent decision in *Krasny* v. *Metropolitan Life*

*Ins. Co.*, 143 Ohio St., 284, 54 N. E. (2d), 952, that court said:

"A judge's trial docket is not a part of the record of the court and a notation thereon by the trial court as to its decision or judgment does not constitute a 'decision' within the purview of Section 11564, General Code."

If a trial docket, which is mentioned in Section 2878, General Code, "is not a part of the record of the court," surely a motion docket which is mentioned nowhere in the code is not a part of the record of the court, and an entry in it has no force as a "decision." It may be evidence as to what the judge thought when he made it. The notation made by Judge Krueger— "Overruled; See J. E." and the time that elapsed before his death with nothing more done by him indicates that he knew, and surely the parties knew, that a formal entry of the court's action would have to be filed to give it effect, as a judgment. The fact that the relator brought this action indicates that she still recognizes this.

While Judge Krueger lived he had the power, acting for the court, to determine the judgment to be entered; he might have approved and filed a journal entry the converse of the notation he had made on the motion docket. That power was not personal to him; it did not die when he did; it still resided in the court; it had not been exercised. As that is a power the use of which requires discretion, how it shall be exercised can not be controlled by mandamus. Appeal affords an adequate remedy for errors, if any, committed in the exercise of that discretion.

The demurrer to the petition is sustained.

*Demurrer sustained.*

Lloyd and Stuart, JJ., concur.