WALLACE, APPELLEE, *v.* WALLACE, APPELLANT.

(No. 2106—Decided January 3, 1974.)

*Mr. Sheldon D. Shecter*, for appellee.
*Messrs. Severs & Glavas*, for appellant.

MAHONEY, J.  Defendant Valerie Wallace (mother), and the plaintiff Bazil Wallace (father) were divorced June 2, 1972, by a judgment entered in the Court of Common Pleas of Lorain County, domestic relations division. The mother was granted custody of the children, pursuant to the following order:

"It is further ordered, adjudged and decreed that the custody, care and control of the minor children shall be confided in the defendant, Valerie Wallace, who shall be enjoined from removing them from Lorain and adjoining counties or the United States except for summer visitation purposes, it being further ordered that the custody would change to the plaintiff, Bazil Wallace, if there be shown a permanent removal, all subject to further order of court."

The father was ordered to pay support for the two children, as follows:

"It is further ordered, adjudged and decreed that, as

and for support of the said minor children, plaintiff shall pay the sum of Twenty Five ($25.00) Dollars per week per child, plus poundage, through the Lorain County Clerk of Courts, Domestic Relations Division, and shall further be responsible for extraordinary medical, dental and optical expenses incurred on behalf of said minor children. These support provisions shall remain in effect as to each child until such child attains the age of twenty-one (21) years or becomes sooner self-supporting or otherwise emancipated; all being subject to further order of court."

Subsequent to the divorce, the mother married an English subject and, on June 17, 1972, she moved to England. The father commenced paying support, but ceased paying in July 1972. Thereupon, the court brought its own motion for contempt for failure to pay support, and the father countered with a motion for change of custody. The mother then moved for an order modifying the original decree, which had prohibited removal of the children, other than for visitation purposes, "from Lorain and adjoining counties or the United States * * *."

In January 1973, the trial court, at a hearing, found the father in contempt for arrearages, terminated the obligation for support as of September 1, 1972, and granted the father's motion for a change of custody to him. Thereupon, the court dismissed the mother's motion for modification of the original order, as it was now moot by the granting of the change of custody.

From those orders, the mother has appealed, assigning error as follows:

"1. The trial court erred in issuing a change of custody order based upon a previous order making said change of custody automatic in the event a certain event occurs, thus attempting to bypass a judicial determination as to a change of conditions since the last order.

"2. The trial court erred in terminating the support retroactively.

"3. The trial court erred in not appointing counsel to represent the childrens' interests.

"4. The trial court erred in overruling defendant-ap-

pellant's motion for permission to keep the children in England without permitting any evidence to be introduced." : .

It is axiomatic that a trial court, once having had jurisdiction over the marital status, the parties and the children, retains such jurisdiction, and it is not lost by the removal of the children from the territorial boundaries of the court. Here, the trial court had the authority and right to consider a motion by the father for a change of custody. The court's order changing custody of the children to the father was not entered automatically, as suggested by defendant's counsel; it was entered after some evidence was offered showing the permanent removal of the children to England by the mother.

We recognize the general rule that the court may only change custody, between parents, where there has been a change of circumstances. *Bastian* v. *Bastian* (1959), 13 Ohio Op. 2d 267; and *Trickey* v. *Trickey* (1952), 158 Ohio St. 9.

We hold that the removal of the two boys, ages 13 and 8, from the county of residence of their father, by the remarried mother, to a foreign country, England, is such a change of conditions as warrants a court, in its discretion, to modify its original order and change the custody of the children from the mother to the father.

We, therefore, deny the first assignment of error.

The second assignment of error is sustained. While the trial court had the right to modify the original support order by terminating the mother's custody, it did not have the right to retroactively terminate the obligation of support. These arrearages had accrued and the mother was entitled to a judgment in that amount. *Elkind* v. *Harding* (1957), 104 Ohio App. 322; and *McPherson* v. *McPherson* (1950), 153 Ohio St. 82. The trial court had the authority to modify the support order by virtue of the denial of visitation rights, etc. See: R. C. 3109.05; and *Weber* v. *Weber*, Court of Appeals for Medina County, No. 498, decided July 11, 1973, unreported.

The third assignment of error is not well taken. The

appointment of counsel to represent the children's interests, under Juv. R. 4, is discretionary. We fail to find that the trial court abused its discretion in denying defendant's request for counsel to be appointed for the children.

The fourth assignment of error is likewise without merit. The trial court, at the defendant's request, reserved hearing the mother's motion to modify the original order. Once the trial court had granted the father's motion for a change of custody, the question of modifying the order relating to the mother's custody became moot, because the mother no longer had a custody order to modify. The trial court, thereupon, correctly dismissed the defendant's motion to modify.

Upon consideration whereof, the judgment of the trial court is modified, in part, in conformance with this opinion, and this cause is remanded to the trial court for a determination of the arrearages as of the date that the change of custody of the children to the father was effective, and for entry of a judgment, in that amount, in favor of the mother.

*Judgment modified in part and, as modified, affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.