STRADTMAN, APPELLEE, *v.* CITY OF BRUNSWICK ET AL., APPELLANTS.

(No. 524—Decided April 24, 1974.)

*Messrs. Stotter, Familo, Cavitch, Elden & Durkin* and Mr. *George W. Birch,* for appellee.

Mr. *Douglas C. Burns,* for appellant city of Brunswick.

MAHONEY, J. The defendant, the city of Brunswick, an appellant herein, claims that a judgment entered in the Court of Common Pleas of Medina County, denying the holding of a referendum election, is (1) "manifestly against the weight of the evidence," and (2) "contrary to law."

This declaratory judgment action was submitted to the trial court upon the following "Stipulation of Fact":

"1. That the plaintiff, John Stradtman, is the equitable owner of real property in Brunswick Hills Township, Ohio, which property is within the property sought to be annexed to the city of Brunswick, Ohio, pursuant to Ordinance No. 51-73 of the city of Brunswick.

"2. That the city of Brunswick is a nonchartered municipal corporation.

"3. That the defendant, William English, is the duly elected, qualified, and acting Auditor of the city of Brunswick.

"4. That the defendants, John Wiszt, Thomas Wolfe, Sterling Sechrist, and Sylvester Mellert, constitute the duly appointed, qualified, and acting members of the Medina County Board of Elections.

"5. That on May 14, 1973, the City Council of the city of Brunswick enacted Ordinance No. 51-73 accepting the application for annexation of certain property, therein described, in Brunswick Hills Township to the city of Brunswick.

"6. That Exhibit A, a copy of Ordinance No. 51-73 of the city of Brunswick attached, is a true, full, and correct copy of said ordinance.

"7. That on May 16, 1973, Ordinance No. 51-73 as enacted by the City Council was filed with the office of the Mayor of the city of Brunswick and placed on the desk of the Mayor on May 25, 1973, and that routinely the Mayor's secretary does not place an Ordinance on the Mayor's desk until signed by the presiding officer of City Council. The Mayor signed Ordinance No. 51-73 on May 25, 1973.

"8. That on June 23, 1973, a petition for referendum was filed with the Auditor of the city of Brunswick ordering that Ordinance No. 51-73 be referred to the electors of the city of Brunswick for approval or rejection.

"9. That the petition for the annexation of certain property, therein described, in Brunswick Hills Township in the city of Brunswick fully complies with all requirements of law with respect to the annexation of property to a municipal corporation. * * *"

There are two questions in this case.

First: Does the thirty-day period for filing a referendum petition, under R. C. 731.29, begin to run when an ordinance is deposited in the Mayor's office, or does it start to run when an ordinance is actually submitted to the Mayor of a non-charter city for signature, even though such ordinance had been deposited, nine days previously, with the Mayor's secretary?

Second: Must an ordinance be authenticated to be a valid enactment requiring the Mayor's signature?

We hold that when an ordinance, as passed, is delivered to and received at the Mayor's office, the requirement of filing, under R. C. 731.29, has been met; hence, it must be placed under the control of the mayor. This was done, in the instant case, on May 16, 1974.

The referendum petition was not filed until June 23, 1973, and therefore did not meet the statutory requirement of thirty days.

We further hold that the authentication required by R. C. 731.20 does not affect the validity of the passed ordinance. Such authentication is a clerical formality. *Blanchard* v. *Bissell* (1860), 11 Ohio. St. 96.

We find no error prejudicial to any substantial right of the appellant. We affirm the judgment of the trial court, as we find that it is supported by the weight of the evidence, and is a correct statement of the law.

*Judgment affirmed.*

VICTOR, P. J., and DOYLE, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(c), Article IV, Constitution.