JOHNSON, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. 8289—Decided April 13, 1977.)

*Mr. Merryl F. Sicherman,* for appellee.
*Mr. Ronald A. Banig,* for appellant.

BELL, J. Defendant Chester A. Johnson, appellant herein, seeks a reversal of the judgment which removed from him certain rights of visitation.

Plaintiff, the appellee, and defendant were divorced in August 1975. The order of divorce granted custody of their minor child to the mother with the right of reasonable visitation being granted to defendant, who was also ordered to pay support in the amount of $20 per week.

In August 1976, the court referee considered plaintiff's motion regarding support arrearages and certain debts of the parties. The referee found that (1) defendant, being in arrears on support payments, was in contempt of the court's original order; (2) the jail sentence imposed as a result of the defendant's contempt should be suspended; and (3) defendant should be held liable for the support arrearages and certain other debts of the parties, all in the total amount of $1,959. Subsequently, some of defendant's personal property was ordered sold to pay portions of the amounts awarded.

Both parties appealed the referee's decision. The trial court after reviewing the referee's findings amended

those findings on the basis that defendant had no means of paying the support previously ordered. The court set aside the finding of contempt and ordered the payment of $1,420 in arrearages. Additionally, the court ordered: "that the defendant shall not have the right of visitation of the minor child until further orders of the court."

Defendant appeals this judgment, assigning as error:

"Termination of a noncustodial parent's right of visitation with a minor child for failure to pay support, subsequent to a determination that said failure is not willful, constitutes an abuse of discretion by the trial court and results in the imposition *de facto* contempt sanctions."

The transcript of proceedings reveals that the trial court heard from the plaintiff a litany of wrongs ascribed to the defendant, including allegations of his failure to support the minor child. Although the court, during the hearing, twice stated that visitation would be denied if no support money was paid, the judgment order of the court states only that the defendant shall be deprived of visitation "until further orders of this Court." We cannot, therefore, arrive at the conclusion arrived at by the defendant in his first assignment of error, since this trial court, as do all such tribunals, speaks through the medium of its record—here the judgment order. *State ex rel. VanStone, v. Carey* (1944), 76 Ohio App. 478; *State, ex rel. Ruth, v. Hoffman* (1947), 82 Ohio App. 266. From the record before us, we are unable to say with certainty that the order, pertaining to visitation, relates only to support or is based in part on the other allegations heard during the hearing.

Though the courts in Ohio have not passed directly upon the interrelation between support and visitation, this subject matter has engaged the attention of courts in other states. The vast majority of the reported decisions find disfavor with the theory and the practice of conditioning visitation on child support. We agree with this position.

R. C. 3109.05 directs our courts on visitation, as follows:

"The court may make any just and reasonable order or decree permitting the parent who is deprived of the * * * custody * * * of the children to visit them at the time and under the conditions as the court may direct."

"Just and reasonable orders" must be those which take into consideration not only the wishes and conditions of the contestant parents, but also the physical welfare and mental health of the minor child or children. The facts in the instant case raise, singularly, the simple right of a father to see and communicate with his own child. We cannot withhold this right simply because the noncustodial parent has not complied with a monetary order of the court. Society holds few favors as precious as the opportunity for a parent to show his care and affection for his child.

The right of visitation, of course, should be denied if, in the opinion of the court, the exercise of that right is harmful to the child. However, if that right is granted on other grounds, then the opportunity for a proper and lasting association between father and child should not be denied singly because support orders in a divorce case are not complied with. This is particularly so when, in a cause such as the one before us, the court cannot say that the defendant willfully failed to obey the orders of support but, in the alternative, finds that defendant was unable to do so.

The statute referred to above reflects society's jealous regard for the welfare of the minor child. The statute clothes the court with full discretionary powers and only an abuse of such power will sustain a reversal of the trial court's judgment. Here the order of the court does not condition the orders of visitation on the payment of support and we, therefore, affirm the trial court's judgment.

*Judgment affirmed.*

MAHONEY, P. J., and DOYLE, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.