OLLANGG, APPELLEE, *v.* OLLANGG, APPELLANT.

(No. 78AP-678—Decided February 22, 1979.)

*Mrs. Clara S. Cory* and *Mr. Terry Tataru,* for appellee.
*Mr. Fred J. Milligan, Jr.,* for appellant.

WHITESIDE, J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, reducing child support arrearage to judgment and raises two assignments of error, as follows:

"1. The court erred in granting a judgment for arrearage under an en gross child support order which failed to allow a reduction for children who had attained majority.

"2. The court erred in granting a judgment for arrearage accrued under a child support order which had been terminated by an order granting a change of custody."

The parties were divorced by a judgment decree entered March 14, 1974, awarding custody of the four minor children to plaintiff and ordering defendant to pay $60 per week as child support. Apparently, there was no agreement between the parties as to child support, and the order itself contained no provision for modification and provided for an in gross payment of child support.

The oldest child became emancipated on June 15, 1975; the next oldest became emancipated on June 15, 1976; and the third oldest became emancipated on November 15, 1977, leaving only one minor child at this time.

By a prior order entered October 7, 1975, child support arrearage to July 1, 1975, was reduced to judgment; the court found defendant to be in contempt with respect to child support payments, and ordered that defendant make "child support payments on a constant and regular basis from this day onward."

An order was entered on March 10, 1976, by agreement of the parties, changing custody of the minor children from plaintiff to defendant. However, this order was never executed by transfer of physical custody, and the minor children remained with plaintiff. Subsequently, plaintiff filed a motion for an order finding defendant in contempt for failing to make child support payments and for an order reducing the arrearages to judgment. The matter was heard by a referee who recommended that plaintiff's motions be denied for the reason that the change of custody order terminated all support payments, but also recommending that the custody of the then two minor children be returned to plaintiff with child support payments of $25 per week per child. Plaintiff filed objections to the referee's report and, on November 25, 1977, the trial court rendered a decision sustaining those objections and stating in part, as follows:

"***On March 10, 1976, an agreed change of custody order was entered, but the child support order was not terminated. The defendant never took physical possession of the children and they continued to live with the plaintiff.

"The Referee did not consider the support that accrued under the support order after legal custody was changed to defendant.

"In view of the fact that the support order was never ter-

minated and physical custody never changed, the support accruing during that period should have been considered.

"The matter is recommitted to the Referee for action in accordance herewith."

Thereafter, on January 25, 1978, defendant filed a motion for relief from judgment upon the grounds of emancipation of the three minor children upon the dates shown above. By agreement, an order was entered February 7, 1978, reducing child support payments to be made to plaintiff to $25 per week effective upon the emancipation of the third child, leaving only one minor child in plaintiff's custody. Thereafter, the referee made the recommendation for a judgment in the amount of $2,220 for child support arrearages, to which defendant objected. The court overruled the objections and entered a judgment accordingly.

Both parties, as well as the referee, rely upon the unreported decision of this court in *Morrison* v. *Morrison,* No. 73AP-195, decided February 5, 1974. That case indicates that there is no automatic reduction of an in gross child support award upon emancipation, whether by the attainment of the age of majority or otherwise, of one of several minor children covered by such in gross award. However, there is some indication in that case that there are circumstances in which the trial court may refuse to reduce an arrearage to judgment where one or more, but not all, of the minor children covered by an in gross award have attained the age of majority. It is unnecessary, however, in this case to resolve that issue.

As noted above, the oldest child became emancipated in June 1975. Thereafter, the trial court entered an order reducing to judgment past child support arrearages to July 1, 1975, and ordering continued support payments for defendant to purge himself of past contempt. The proper time for consideration of the effect of the emancipation of the oldest child was in connection with that order. The record does not reflect whether or not that issue was raised or considered, inasmuch as there is no transcript of proceedings with respect thereto included in the record on appeal.

On the other hand, on March 10, 1976, a consent order was entered, changing custody of the remaining minor children from plaintiff to defendant. Although no mention was made of child support, necessarily, had that order been carried

into execution, the obligation of defendant to pay plaintiff for child support pursuant to the prior order would at least be mitigated to the extent that defendant was in fact providing such support in kind. In this case, despite the order, apparently nothing changed. The minor children remained in plaintiff's custody, and defendant continued to make child support payments in such amounts and at such times as he felt inclined without regard to any court order. However, defendant apparently understood the effect of the 1975 order and, during the year 1975, made full support payments in accordance with the decree, although he did not pay the arrearage judgment. Although not clear, defendant's failure to make the regular payments again apparently commenced in 1976, during which he paid an average of some $40 per week and continued in 1977, during which he paid an average of less than $25 per week.

It appears that, upon the second hearing, the referee did not follow the directive of the trial court judge recommitting the matter to the referee but, instead, made a recommendation inconsistent therewith, which was approved by a different judge of the same court who entered judgment.

The trial court judge recommitting the matter to the referee ordered the referee to *consider* the support that accrued under the support order after legal custody was changed. That trial court order did not indicate, as the referee subsequently did, that the child support for the interim period would, of necessity, be in the amount of the in gross award made in the prior order without power of modification or change by the trial court. Had the trial court so intended, presumably it would have so stated in the recommitting order, which would have resubmitted the matter to the referee only for a computation of the amounts due.

We agree with the trial court's decision that, even though a consent order was entered changing custody, such order did not have the effect of terminating plaintiff's right to child support from defendant until such time as the change of custody order was executed by a physical change of custody. In this case, apparently by consent of the parties, the change of custody order was never carried into execution. It would, accordingly, be unfair and unjust to terminate all of plaintiff's right to receive support for those children from defendant as

the referee had recommended at that time. On the other hand, a change of custody having been ordered, plaintiff is no longer in a position to contend that any modification of the prior support order constitutes a retroactive judgment of the court. On the contrary, technically, plaintiff's right to support is that of a noncustodial parent who has assumed the custodial obligations without court order. Obviously, the trial court should consider the effect of the prior in gross support order, as well as all the other surrounding circumstances in awarding plaintiff support during the interim period from the entry of the order changing custody to the restoration of custody to plaintiff.

Under these circumstances, the trial court had jurisdiction to determine the equitable amount of child support to which plaintiff would be entitled from March 10, 1976. There is some indication that the referee at one time considered the equitable amount to be $25 per child. Regardless, however, the referee and the trial court erred in finding that it had no jurisdiction to determine the equitable amount of child support from March 10, 1976, onward, in light of the change of custody order entered on that date. Prior to that date, however, no modification could be made in the amount of child support due in light of the 1975 order for a continuance of child support payments, despite the emancipation of the oldest child in June 1975.

Where a consent order is entered changing the custody of minor children, but such change never takes place, in considering child support subsequent to the entry of such order the trial court may enforce a prior order of support to the extent that it finds it equitable to do so under the circumstances, and it has jurisdiction to award a lesser amount to the de facto custodial parent than that set forth in the prior order of the court. To this extent, both assignments of error are well taken.

For the foregoing reasons, and to the extent indicated, both assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed.

*Judgment reversed*
*and cause remanded.*

REILLY and MCCORMAC, JJ., concur.