FLYNN, APPELLANT, *v.*
FLYNN, APPELLEE.

(No. CA83-06-022—Decided
April 9, 1984.)

*Ms. Barbara R. Macce,* for appellant.

*Mr. Harold R. Kemp,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County, Ohio.

On November 1, 1978, the parties herein were granted a decree of dissolution of their marriage. As part of the separation agreement, custody of the parties' minor child was granted to appellee, Keitha D. Flynn. Appellant, Jerry A. Flynn, agreed to make payments of $30 per week for support of the child. On February 29, 1980, an entry, signed by both parties, was filed granting temporary custody of the parties' minor child to appellant. The entire text of the entry reads as follows:

"By agreement of the parties herein, the temporary custody of the child of the parties, Joshua A. Flynn, is hereby awarded to Jerry Alan [*sic*] Flynn until such time as Keitha D. Flynn can provide a proper home for the said child."

On April 14, 1980, appellee regained custody of the child. Soon thereafter, each party filed a motion for contempt against the other. In addition, appellant's motion asked that custody of the child be returned to the father. Appellee's motion also sought an order reinstating child support along with an increase in support on the basis of changed circumstances. The motions were consolidated and heard by a referee, who found neither party to be in contempt and recommended that both motions be dismissed. Subsequently, the court adopted the referee's recommendations and dismissed both motions.

On August 23, 1982, appellee filed a motion seeking the following relief: an order reducing to judgment all arrearages on child support; an order increasing child support because of changed circumstances; and an order to join appellant's employer for purposes of payroll deductions as to child support and for an order requiring said payroll deductions to be made. After appellant filed a memorandum contra to appellee's motion, the matter was heard by a referee on November 16, 1982.

In his report, the referee concluded that appellant was delinquent in his child support payments in the amount of $3,750. The referee also concluded that appellee had failed to prove a change in circumstances which warranted an increase in support payments. Accordingly, the referee recommended that the motion be granted in part and denied in part, and that appellee be granted a judgment on the arrearages and an order requiring payroll deductions; but, the referee also recommended that appellee be denied an increase in support payments.

After appellant filed his objections to the referee's report, the matter was brought on for consideration before the common pleas court, and the court overruled appellant's objections and affirmed the report of the referee. It is from the journal entry affirming the referee's report that appellant now appeals, alleging the following assignments of error:

"First Assignment of Error:

"The finding by the court of an arrearage due to appellee was against the manifest weight of the evidence and contrary to law, as there was and is no order awarding appellee custody or child support.

"Second Assignment of Error:

"The court erred in refusing to allow appellant to introduce evidence concerning the appellee's complete refusal to allow any visitation or communication between appellant and his son for approximately two (2) years.

"Third Assignment of Error:

"The court erred in granting appellee's motion for a payroll deduction as there was absolutely no evidence presented concerning any failure by appellant to make payments as they became due."

We will consider appellant's first and second assignments of error together. From the evidence produced at the hearing, there is no dispute that appellant made each and every support payment required by the separation agreement of November 1, 1978, from the time the parties were granted their dissolution until the time appellant obtained custody of his minor son pursuant to the agreed entry of February 29, 1980. No support payments were made while the child was in the custody of appellant. The evidence further demonstrated that after appellee regained custody of the child, appellant made only two payments of $30 each from June 6, 1980, until November 16, 1982. Appellant's position is that since there was no court order either reinvesting custody to appellee or reinstating child support payments, appellant is under no legal obligation to make support payments even though appellee had custody of the child. In addition, appellant claims that such payments are not justified since he was denied visitation and communication with his son for approximately two years.

The questions raised by this appeal require that we initially decide whether the agreed entry between the parties which granted temporary custody to appellant terminated the provision of the original separation agreement requiring appellant to pay child support when the entry changing custody is silent on the matter. The court in *Ollangg* v. *Ollangg* (1979), 64 Ohio App. 2d 17, 20 [18 O.O.3d 11], held that:

"* * * [E]ven though a consent order was entered changing custody, such order did not have the effect of terminating plaintiff's right to child support from defendant until such time as the change of custody order was executed by a physical change of custody."

In *Ollangg, supra,* a consent order was entered, changing custody of the minor children from plaintiff to defendant. The change of custody was never effectuated between the parties. The court held that although no mention was made of child support, had the consent order been executed, the defendant's obligation to pay plaintiff for child support pursuant to a prior order would be mitigated to the extent that defendant was in fact providing such support in kind.

In the case at bar, appellant did in fact obtain custody of his son in accordance with the entry changing custody which both parties consented to. Thus, even though the entry never addressed the question of child support payments, appellant was not obligated to make such payments to his former wife, the noncustodial parent, while he had custody of their child, since appellant was in fact directly supporting the child during such time. Nevertheless, once appellee regained physical custody of the child, appellant was responsible to make the necessary support payments required by the original separation agreement, since the support provision of said agreement was never rescinded or revoked by the change of custody entry.

Appellant cannot excuse his failure to pay support because of his alleged

denial of visitation. Visitation rights cannot be denied because a support order is not complied with. *Johnson* v. *Johnson* (1977), 52 Ohio App. 2d 180 [6 O.O.3d 170]. Conversely, a support order cannot be ignored because a corresponding visitation order is not complied with. Visitation and support rights are entitled to separate and distinct enforcement. *Porter* v. *Porter* (1971), 25 Ohio St. 2d 123 [54 O.O.2d 260]. If plaintiff was denied his visitation rights, he could obtain an appropriate remedy through the proper legal channels rather than requite by refusing to make support payments.

Appellant should have raised the issue of visitation rights through an appropriate contempt motion or a motion to reduce the amount of support payments. A trial court may modify a support order by virtue of a denial of visitation rights. *Wallace* v. *Wallace* (1974), 49 Ohio App. 2d 31 [3 O.O.3d 104]. Appellee's motion for increased child support payment was predicated upon a change of economic circumstances. Accordingly, the trial court could consider evidence of the change of the parties' financial conditions. *Bahgat* v. *Bahgat* (1982), 8 Ohio App. 3d 291. Under these circumstances, the trial court did not err in precluding any evidence pertaining to visitation irregularities when it was deciding whether there was a sufficient change in economic circumstances to merit an increase in support.

Having determined that the original support order was never nullified or vacated, we also find that the trial court's determination that appellant owed an arrearage on his child support payments was not against the manifest weight of the evidence and contrary to law. As we read the record, there was sufficient, competent, credible and probative evidence going to all the essential elements of the case. *Ross* v. *Ross* (1980), 64 Ohio St. 2d 203 [18 O.O.3d 414]; *C. E. Morris Co.* v. *Foley Construc-* *tion Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. Accordingly, appellant's first and second assignments of error are overruled.

The final assignment of error offered by appellant claims that the trial court erred in granting a motion for a payroll deduction since there was an absence of evidence showing a failure on the part of appellant to make support payments as they became due. Our discussion above is dispositive of the question of whether there was a valid and enforceable support order requiring appellant to make timely and regular payments. There is undisputed evidence that from June 6, 1980 to November 16, 1982, appellant made only two support payments of $30 each. We have previously held that the enforcement of a child support order may take the form of garnishment, attachment, or execution on judgment. *Thompson* v. *Albers* (1981), 1 Ohio App. 3d 139. A trial court retains jurisdiction to reduce all past due and delinquent support payments to a lump sum judgment. *Thompson, supra.* Support decrees may also be enforced by having employers make direct payments and by having employers withhold personal earnings. *State* v. *Oppenheimer* (1975), 46 Ohio App. 2d 241, 246 [75 O.O.2d 404]. The court committed no error in sustaining appellee's motion and ordering a payroll deduction. The third assignment of error is not well-taken and is hereby overruled.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., JONES and STAPLETON, JJ., concur.

STAPLETON, J., of the Court of Common Pleas of Brown County, was assigned to the Twelfth Appellate District in accordance with Section 5(A)(3), Article IV, Constitution.