## Boling v. Boling
[Cite as 2 AOA 88]

Case No. 89-CA-50
Greene County, (2nd)
March 29, 1990

R.C. 3115.01
R.C. 3115.29

*William F. Schenk, Greene County Prosecutor, By: Cynthia Lennon, Assistant Prosecutor, Greene County Courthouse, Xenia, Ohio 45385 Attorney for Plaintiff-Appellant.*

*David Peterson, 670 North Detroit Street, Xenia, Ohio 45385, Attorney for Defendant-Appellee.*

BROGAN, J.

Appellant, Catherine Marie Boling, appeals from the judgment of the trial court granting a motion for visitation filed by appellee, Robin L. Boling.

The instant case was initiated on April 10, 1989, on which date appellant, a Michigan resident, filed her petition to initiate support proceedings under the Uniform Reciprocal Enforcement Act (URESA).

The matter was to be heard before a referee on May 17, 1989. On May 9, 1989, appellee, an Ohio resident, filed a motion for visitation sent by ordinary mail to the Greene County Assistant Prosecuting Attorney. Appellant never received a copy of appellee's motion.

This motion, too, was to be heard on May 17, 1989.

At the May 17 hearing, the referee heard appellee's testimony regarding his desire to have visitation with his children. Appellant was not present and offered neither testimony nor other evidence on the issue of visitation.

Although the Assistant Prosecuting Attorney objected to the introduction of the visitation issue into the URESA proceeding, the referee nonetheless recommended the following visitation schedule in the June 5, 1989 Report and Recommen-dations: two weeks of summer visitation and seven days of visitation during the Spring break of his two children. In addition, the referee found appellee to be in arrears on his support payments and made several recommen-dations regarding payment of appellee's arrearage as well as his current support obligations.

Appellant file objections to the referee's recommendation of visitation on the grounds that a URESA action is instituted for the sole purpose of enforcement of support and that the court is statutorily without jurisdiction to decide the matter of visitation in a URESA action.

In its Judgment Entry of July 18, 1989, the trial court reviewed appellee's motion for visitation and appellant's objections thereto. The language of the judgment entry is difficult to follow and it is questionable whether the entry satisfies the criteria for a final judgment set forth in Civ. R. 54. However, our interpretation of the

entry leads us to conclude that the trial court intended to overrule appellant's objections to the recommendation of visitation and to adopt such recommendation as its judgment.

It is from this judgment that appellant now appeals.

Appellant argues that the trial court erred by ordering visitation in a URESA case and by ordering visitation when she failed to receive proper notice of appellee's motion prior to the hearing on May 17, 1989. We find both of these arguments to be persuasive and reverse the judgment of the trial court.

The Ohio URESA statutes, R.C. 3115.01 *et seq.*, circumscribe the proceedings that may by brought thereunder. The purposes of the URESA statutes relate solely to the issue of child support as revealed in R.C. 3115.01(A): "The purposes of sections 3115.01 to 3115.34 of the Revised Code are to improve and extend by reciprocal legislation the enforcement of duties of support." Further, R.C. 3115.29 delineates the authority of the court in a URESA action: "Participation in any proceedings under sections 3115.01 to 3115.34, inclusive, of the Revised Code, does not confer upon any court jurisdiction over any of the parties thereto in any other proceeding." Therefore, the statutes themselves simply that the trial court was without jurisdiction to hear appellee's motion for visitation.

Ohio case law supports this proposition. In *Rondy* v. *Rondy* (1983), 13 Ohio App. 3d 19, the Summit County Court of Appeals reviewed a trial court judgment purporting to grant appellee's motion to reduce and then to suspend his child support obligation. Such motion was filed in a URESA action initially instituted by appellant, a Florida resident.

The *Rondy* court reversed the judgment explaining: "The jurisdiction in the URESA action did not permit the court to modify the prior divorce action. * * * Rondy's child support obligation could not be modified in the URESA action. Such a modification could only be effected in the divorce action pursuant to the court's continuing jurisdiction." (*Rondy supra* at 21).

Likewise, in the instant case, the trial court was without authority to modify that part of the parties' divorce decree governing child visitation. *See also, Jackson* v. *Martin* (Nov. 9, 1987) Stark App. No. 7239, unreported, holding: "the Family Court exceed its jurisdiction of the URESA by entertaining and granting the subject visitation request of appellee.")[1]

We find appellant's contention that she failed to receive notice of appellee's visitation motion to be equally meritorious. Again, the case of *Rondy* v. *Rondy, supra,* provides persuasive logic.

It should be noted that the trial court in *Rondy,* unlike the trial court is the case at bar, had jurisdiction over both the URESA action and the original divorce proceeding. However, as the instant appellee failed to serve appellant with notice of his motion for visitation, so did appellee in *Rondy* fail to serve appellant with notice of his motion to modify child support. The *Rondy* court found the following:

"[T]he only two parties before the court were Rondy, as the respondent in the URESA action and defendant in the prior divorce action, and the state of Florida, Collier County, as the URESA petitioner. The plaintiff in the divorce action, Tucker, was not served with notice of Rondy's motions to modify his support obligation. * * * Thus, the proceedings which gave rise to the orders [permitting modification of child support] were totally devoid of any form of notice to Tucker and provided no opportunity for her to be heard and defend her interest. Service on the state of Florida, Collier County does not satisfy the service requirement on Tucker." *Rondy, supra* at 21.

In the instant action, the necessity for direct service upon appellant is even more evident than that in *Rondy* because here, unlike *Rondy,* the trial court did not have initial jurisdiction over the parties' divorce. Additionally, as noted by appellant, "the motion in *Rondy* was for a decrease in child support which arguably can be linked to a URESA petition. In the instant case, the motion was for visitation." (Brief of Appellant, p. 5). It is well settled that [v]isitation and support rights are entitled to separate and distinct enforcement." *Flynn* v. *Flynn* (1984), 15 Ohio App. 3d 34, 37. (*See also, Voyath* v. *Voyath* (Feb. 23, 1989), Darke App. No. 1222, unreported).

The appellant's arguments or assignments of error are sustained. The judgment of the trial court ordering the appellee to make certain support payments to appellant will be affirmed; that part of the judgment ordering the appellant to provide appellee visitation privileges with the parties' minor children will be reversed and the judgment as so modified will be affirmed.

*Judgment reversed*

WOLFF, P.J., and WILSON, J., Concur.

---

[1] We note parenthetically that should appellee desire to pursue his right to visitation, he may do so via the Uniform Child Custody Jurisdiction Act, R.C. 3109.21 *et seq.*