### Knaff v. Gregory
*[Cite as 5 AOA 379]*

*Case No. CA89-12-020*
*Preble County, (12th)*
*Decided July 16, 1990*

*Augustus L. Ross III, 12 East Dayton Street, West Alexandria, Ohio 45381, for Plaintiffs-Appellees.*

*Carol Perritt Lindstrom, Rural Legal Aid Society, 118 1/2 East Main Street, Eaton, Ohio 45320, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Preble County Court of Common Pleas, transcript of proceedings, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

On September 25, 1984, plaintiff-appellee, Edwin K. Knaff, filed a complaint to establish a father and child relationship between himself and Nicholas Brent Gregory, born August 21, 1982. The mother, defendant-appellant, Jennifer Gregory, admitted that Knaff was the father of Nicholas and a finding of paternity was entered on March 7, 1985. The court ordered Knaff to pay child support and granted him visitation privileges. No specific custody order was made, but Nicholas remained with Gregory, who had reared the child since birth."

On June 26, 1985, Knaff moved for a change of custody. This motion was dismissed, however, at the request of Knaff.

On September 7, 1989, Knaff filed a motion for immediate change of custody and/or expanded visitation. The trial court, proceeding on the basis of an initial custody determination, found that Gregory had been the primary care giver of Nicholas, but concluded that the best interests of the child warranted a grant of custody to Knaff. The court then terminated the previous support order and found that Knaff was not delinquent in child support. Gregory brought the instant appeal and assigned error as follows:

*Assignment of Error No. 1*
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY INAPPROPRIATELY APPLYING THE

BEST INTEREST OF THE CHILD TEST RATHER THAN THE CHANGE OF CIRCUMSTANCES TEST AND BY AWARDING CUSTODY OF THE MINOR CHILD OF THE PARTIES TO APPELLEE."

*Assignment of Error No. 2*
"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY RETROACTIVELY MODIFYING THE CHILD SUPPORT ARREARAGES OWED BY PLAINTIFF."

Gregory first argues that the trial court erred in treating the proceedings as an initial custody determination and applying the best interest standard of R.C. 3109.04(A). We agree.

In the case of *In re Ragland* (Aug. 16, 1983), Franklin App. No. 83AP-113, unreported, the Franklin County Court of Appeals held:

"*** When the mother of an illegitimate child has reared the child from birth for a substantial period of time without the father living with her or the child, she has sole legal custody of the child which cannot be changed without proof of circumstances that would permit a change of custody granted by a prior decree. Initial custody has been determined by action of the parties to be vested in the mother without necessity for declaration by a court ***."

Similar holdings can be found in *In re Yates* (1984), 18 Ohio App. 3d 95; *In re McGowan* (July 17, 1985), Summit App. No. 11973, unreported; and *In re Brazell* (C.P. 1986), 27 Ohio Misc. 2d 7.

We find the reasoning of the foregoing cases to be persuasive. Nicholas has lived with Gregory since birth and the court below found her to be his primary care giver. Additionally, while there was no express judicial grant of custody to Gregory, the court in the paternity action implicitly recognized her legal custody by ordering Knaff to pay support and awarding visitation. Accordingly, we find that the trial court should have treated this action as a custody modification proceeding and applied the standards outlined in R.C. 3109.04(B) (1). Gregory's first assignment of error is sustained.

In her second assignment of error, Gregory contends that the trial court erred by retroactively modifying Knaff's child support arrearage and reducing it to zero. We agree. "Due and unpaid installments allowed by the court for the support of a minor child may not be modified." *McPherson v. McPherson* (1950), 153 Ohio St. 82, syllabus. The power of modification of installment support payments is restricted to future installments. *Sexton v. Sexton* (1971), 32 Ohio App. 2d 344, 349; *Wedebrook v. Wedebrook* (C.P. 1977), 51 Ohio Misc. 81. Thus, it is within the authority of the trial court to prospectively terminate a support order upon a change of custody, but not to retroactively reduce an accrued unpaid arrearage to zero. *Wallace v. Wallace* (1974), 49 Ohio App. 2d 31, 33. Gregory's second assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

It is further ordered that a mandate be sent to the Preble County Court of Common Pleas, Juvenile Division, for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellees, by their counsel, except.

JONES, P.J., KOEHLER and YOUNG, J.J., concur.