DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Lisa Schamp ("Wife"), appeals from the judgment of the Medina County Court of Common Pleas, Division of Domestic Relations. This Court reverses in part and affirms in part.
 I {¶ 2} Wife and Plaintiff-Appellee, Donald Schamp ("Husband"), were married in June 1986 and have one minor child together. They filed for divorce in March 2007 at which point the court established temporary orders. The court ordered Husband to pay 32% of the household expenses and Wife to pay the remaining 68% because the parties had agreed they would both remain in the marital home while the divorce proceedings were ongoing. The temporary orders defined household expenses to include payment of the mortgage, taxes, insurance, and utilities, as well as several other non-residence related expenses. *Page 2 
 {¶ 3} In April 2008, the court held a final hearing at which the parties read the uncontested terms of their divorce into the record, which included the terms of their shared parenting agreement, their child support agreement, and the division of their marital assets. The court ordered the parties to prepare the requisite documents to reflect the terms to which they had agreed at the final hearing and to submit the documents to the court accordingly. In her brief, Wife alleges that the parties did not submit an agreed entry to the court because there remained a dispute as to the date that her child support payments to Husband were to commence and Husband's payment of "living expenses" were to cease.[1]
 {¶ 4} On June 9, 2008, the court issued a notice of dismissal which required the parties to file an agreed entry by June 13, 2008, or be subject to a dismissal of their divorce proceeding. The next day, Wife filed a "Motion for Clarification" seeking, inter alia, clarification of the date she was to initiate child support payments and assume sole responsibility for all living expenses. On June 17, 2008, Husband filed a "Motion for Continuance" in which he stated his belief that the parties had resolved the issues Wife identified in her motion. Husband also requested a continuance of the dismissal date pending his receipt of the April 17, 2008 hearing transcript. Husband filed a transcript of the April hearing on June 19, 2008. There is no trial court order in the record related to Husband's request for a continuance.
 {¶ 5} Wife further maintains that on June 19, 2008, Husband also submitted a Judgment Entry to the court purporting to contain the parties' terms of divorce. The Judgment Entry incorporated a Settlement Agreement, Parenting Plan, and Child Support Computation *Page 3 
Worksheet as exhibits. The exhibits, however, contained terms significantly different from what the parties had agreed to at the April hearing and had been recently circulating. Wife asserts that Husband did not inform her that he was submitting any entry, thus he submitted it without her review, signature, or agreement to its terms.
 {¶ 6} On June 19, 2008, the trial court entered the Judgment Entry and its accompanying exhibits with the following handwritten text above the judge's signature:
 "The Court reviewed the attached agreements + (sic) reviewed a transcript of the agreement the parties placed on the record. The extensive deletions and interlineations were made by the Court to ensure the agreements accurately reflect the agreement of the parties agreed to on the record + (sic) which the court adopted and approved. Any additional disputes shall be handled by the parties post decree."
The Judgment Entry stated that child support payments commenced April 17, 2008. Further, in Exhibit A, captioned "Settlement Agreement," under the subheading "Marital Residence," the trial court struck the text which read "Wife shall be solely responsible for all mortgage payments, taxes, and utilities from and after the signing of the within Agreement, holding Husband absolutely harmless thereon." An arrow drawn next to the stricken sentence points to a handwritten paragraph, initialed by the judge, which reads:
 "The husband shall move out of the marital residence no later than 45 days after the wife pays him the $3950. From that day forward until the house is sold, the wife will have exclusive use of the marital residence + (sic) shall be solely responsible for the mortgage, taxes + (sic) insurance due thereon."
 {¶ 7} Wife's brief alleges that Husband did not vacate the residence until June 3, 2008. Wife now appeals the trial court's decision, asserting one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THAT DEFENDANT-APPELLANT PAY PLAINTIFF-APPELLEE'S LIVING *Page 4 
EXPENSES AND PAY CHILD SUPPORT TO PLAINTIFF-APPELLEE PRIOR TO PLAINTIFF-APPELLEE VACATING THE MARITAL RESIDENCE SHARED WITH DEFENDANT-APPELLANT AND THE PARTIES' MINOR CHILD."
 {¶ 8} In her sole assignment of error, Wife argues that the trial court abused its discretion when it ordered her to pay Husband child support and all living expenses while Husband remained in their home. Though Wife has combined her analysis of these issues, we will address the payment of child support and living expenses separately.
 {¶ 9} As a preliminary matter, we note that the record reflects that counsel for Husband was served with a copy of Wife's appellate brief as required by App. R. 13(B) and App. R. 18(A), but he never filed a brief in response with this Court. Under App. R. 18(C), "this Court may accept [Wife's] statement of the facts and issues as presented in [Wife's] brief as correct and reverse the judgment of the trial court if [Wife's] brief reasonably appears to sustain such action." Polen Implement, Inc.v. Toth, 9th Dist. No. 07CA009280, 2008-Ohio-3211, at ¶ 8.
 {¶ 10} "Trial court decisions regarding child support obligations, will not be disturbed by a reviewing court absent an abuse of discretion[.]" Quintile v. Quintile, 9th Dist. No. 08CA0015-M,2008-Ohio-5657, at ¶ 6. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} Wife concedes that there is no statute governing the date that child support payments are to commence in a divorce situation. She notes, however, that a court must consider several factors when calculating the amount of child support. Wife argues that the court's *Page 5 
consideration of these factors implicitly addresses the issue of when support should commence, as it directs a court to determine whether "the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. Wife argues that it is unfair and inequitable for her to have to pay Husband child support for the period during which he remained in the marital house.
 {¶ 12} Wife directs the Court to a Twelfth District case where the parties had entered into a consent order assigning temporary custody to the husband for a period of time until the wife could establish a home for their child. Flynn v. Flynn (1984), 15 Ohio App.3d 34. One of the issues in that case was whether the order changing custody also acted to revoke the husband's obligation to pay child support once the child returned to the mother's custody. Id. at 36. The court determined that, the temporary custody agreement did not alter the husband's obligation to pay child support to the wife once he no longer had custody. Id. More specific to this case, however, the court held that, "[w]hen a noncustodial parent obtains custody of his child[,] * * * he is not obligated to make support payments to his former wife while he has custody of their child and is directly supporting the child during such time." Id. at 34. We note that the Fourth District also has indicated that, when a trial court "deviate[s] from the guideline child support amount, in that [it] order[s] the sole residential parent and legal custodian to pay child support to the noncustodial parent[,] * * * it must first determine that that amount would be unjust or inappropriate and would not be in the best interest of the child, and make findings of fact to support that determination." Knapp v. Knapp, 4th Dist. No. 05CA2, 2005-Ohio-7105, at ¶ 25 (ultimately declining to determine the issue on appeal due to an inadequate trial court record).
 {¶ 13} In the instant matter, the trial court's Judgment Entry stated in unaltered terms that Wife should begin paying child support on April 17, 2008. Wife asserts that Husband did *Page 6 
not vacate the marital residence until June 3, 2008. Thus, the trial court ordered Wife to pay child support to Husband for nearly seven weeks before he vacated the marital home. Our review of the record fails to reveal that the trial court made any findings of fact to support this decision. See Knapp at ¶ 25. Accordingly, we find that the trial court abused its discretion because its decision was arbitrary and unreasonable.
 {¶ 14} Wife asserts that the trial court also ordered her to pay Husband's living expenses during the time he remained in the marital residence. Upon a closer review of the handwritten terms of the Judgment Entry, we conclude that Wife has misconstrued the terms of the Settlement Agreement inasmuch as she believes it imposes sole financial responsibility upon her for the living expenses while Husband remained in the marital residence.
 {¶ 15} The portion of the Settlement Agreement at issue is the handwritten text inserted by the trial court, which reads in full:
 "The husband shall move out of the marital residence no later than 45 days after the wife pays him the $3950. From that day forward until the house is sold, the wife will have exclusive use of the marital residence + (sic) shall be solely responsible for the mortgage, taxes + (sic) insurance due thereon."
 {¶ 16} With respect to the date that Wife would assume sole responsibility for the living expenses, Wife has interpreted the phrase "from that day forward" (emphasis added) as referring back to the day she pays Husband the sum of $3950 (his portion of funds from the settlement agreement). Wife argues that she would be solely responsible for the living expenses, while Husband is permitted to reside in the marital home for another 45 days. Her interpretation of this provision is incorrect. Instead, the day referred to in the phrase "from thatday forward," (emphasis added) is the day that Husband vacates the marital residence. Wife is solely responsibility for payment of the living expenses from the day that Husband moves out, as that would be the day from which she would have "exclusive use of the marital residence." Though *Page 7 
inartfully drafted, to read this clause differently would be internally inconsistent with the rest of the sentence.
 {¶ 17} Thus, we do not consider it an abuse of discretion that the trial court assigned Wife sole responsibility for payment of the living expenses once Husband had vacated the marital residence. That determination was consistent with the nature of the agreement made on the record at the April hearing and therefore is not arbitrary, unreasonable, or unconscionable.
 {¶ 18} As a final matter, the Court notes that it is disturbed by the state of the Judgment Entry in this case. The Judgment Entry is replete with the addition of handwritten paragraphs and words, as well as deletions and interlineations of significant portions of text (some, but not all, of which are initialed by the signing judge). As the legal document that purports to embody the parties' agreement to divide property, affix parental right and responsibilities, and dissolve their marriage, the Judgment Entry should reflect the legal significance it is meant to import. The Judgment Entry in this case sadly misses the mark.
 {¶ 19} We conclude that the trial court abused its discretion by ordering Wife to pay Husband child support while Husband continued to live there. The trial court did not abuse its discretion, however, by ordering Wife solely responsible for the living expenses once Husband vacated the marital residence. Accordingly, Wife's sole assignment of error is sustained in part and overruled in part.
 III {¶ 20} Wife's sole assignment of error is sustained in part and overruled in part. The judgment of the Medina County Court of Common Pleas, Division of Domestic Relations, is reversed with respect to its determination on the payment of child support and is affirmed with respect to its determination on the payment of living expenses. *Page 8 
Judgment reversed in part, affirmed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
MOORE, P. J. SLABY, J. CONCUR
[1] The term "living expenses" is not defined anywhere in the record. Based on the argument set forth in Wife's brief, a review of the hearing transcript, and the provision of the Settlement Agreement that Wife disputes on appeal, we consider the term "living expenses" to include payment of the mortgage, taxes, insurance, and utilities. *Page 1