LEDGER, Appellant,

v.

DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Ledger v. Ohio Dept. of Rehab. & Corr.* (1992), 80 Ohio App.3d 435.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1126.

Decided June 2, 1992.

---

*Keith Ledger, pro se.*

*Lee Fisher,* Attorney General, and *Sally Ann Walters,* Assistant Attorney General, for appellee.

---

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Keith Ledger, appellant, from the September 10, 1991 entry of dismissal from the Ohio Court of Claims which dismissed appellant's complaint, pursuant to Civ.R. 41(B)(1), due to appellant's failure to comply with R.C. 2307.42(C) by August 24, 1991 as ordered by the court. Appellant sets forth the following assignments of error:

"Assignment of Error No. 1:

"The Trial Court erred by dismissing this action after ordering a stay of all proceedings.

"Assignment of Error No. 2:

"A. The Trial Court erred by dismissing this case after the Court of Appeals' prior decision.

"B. It would violate appellant's right of access to the courts and Due Process rights of this action so dismissed per Rule 41(B)(I)."

Appellant, an inmate at the Southern Ohio Correctional Facility ("SOCF"), alleges that between October 19, 1987 and November 15, 1987 he suffered from pneumonia which the SOCF medical staff failed to diagnose, necessitating emergency surgery. Appellant first filed his claim on October 14, 1988. Although that action was timely, appellant failed to meet the conditions precedent for the filing of a medical claim pursuant to R.C. 2307.42. Appellant failed to submit a proper affidavit in support of his complaint, and on December 29, 1988, the court granted the state's motion to dismiss.

Appellant appealed to this court and, on August 29, 1989, this court affirmed the dismissal by the Court of Claims, noting that the affidavit

requirements of R.C. 2307.42 do not create any more difficulty for appellant than the substantive requirements of this cause of action. See *Ledger v. Dept. of Rehab. & Corr.* (Aug. 29, 1989), Franklin App. No. 89AP–150, unreported, 1989 WL 99437.

During the pendency of his appeal before this court, appellant filed a civil rights action in federal court. After this court ruled on his appeal, appellant filed his second complaint in the Court of Claims based upon the same cause of action. Appellant supported his complaint with an affidavit in which he claimed that he should not need an expert witness to prove his case; however, appellant also stated that by procuring Dr. Kevin Murray from the Ohio State University to appear at trial, by subpoena, Dr. Murray would produce the necessary testimony to prove negligence and malpractice.

On September 29, 1989, the court issued a pre-screening entry ordering appellant to submit an appropriate affidavit, pursuant to R.C. 2307.42(C), by October 20, 1989. Appellant responded by claiming that the August 29, 1989 decision by this court requires that appellant only comply with R.C. 2307.-42(C)(1)(d)(iii). On October 19, 1989, the court vacated its September 29, 1989 order and stated that appellant was required to establish facts which do not require expert testimony as mandated by R.C. 2307.42(C)(1)(d)(iii). On June 18, 1990, appellant voluntarily dismissed his second complaint.

Following the dismissal of appellant's civil rights action in the federal court, appellant filed his third complaint in the Ohio Court of Claims on May 13, 1991. The complaint is basically identical to the complaints previously filed and is supported by an affidavit which is identical to the affidavit filed in his second complaint.

On June 7, 1991, the court put on an entry staying proceedings in the Court of Claims, except for discovery, pending disposition of appellant's appeal in the United States Sixth Circuit Court of Appeals. On June 12, 1991, the state filed a motion to dismiss based upon the statute of limitations and appellant's failure to file an appropriate medical affidavit with his medical claim.

On July 29, 1991, the trial court overruled the motion to dismiss, holding that appellant's action was timely filed. However, the court also held that appellant had not filed a proper affidavit and ordered appellant to submit appropriate documentation by August 24, 1991, or face dismissal of the action pursuant to Civ.R. 41(B)(1) for failure to prosecute.

Instead of filing the appropriate documentation required, appellant filed "plaintiff's motion to amend the court entry of July 29, 1991." The essence of that motion was to request the trial court to reconsider its entry dated July 29, 1991.

On September 9, 1991, the state moved to dismiss the action for failure to comply with the order of July 29, 1991, and, on September 10, 1991, the trial court overruled appellant's motion to amend and *sua sponte* dismissed his complaint for failure to prosecute. Therefore, appellant filed the instant appeal.

Appellant's assignments of error are interrelated and will be addressed together. Appellant argues that the trial court erred by dismissing this case in light of the previous decision from this court, that the trial court erred by dismissing his action after having ordered a stay of proceedings, and that the trial court's dismissal pursuant to Civ.R. 41(B)(1) should be without prejudice.

■ Appellant's complaint in the Ohio Court of Claims constituted a "medical claim" as that term is defined in R.C. 2307.42(A). Pursuant to R.C. 2307.42(B), the Court of Claims has jurisdiction over a medical claim as follows:

" * * * [T]he court of claims, shall have jurisdiction to hear and determine an action upon a medical * * * claim only if the complaint or other pleading that sets forth the claim is supported by documentation as required by and described in division (C) of this section."

Division (C) of this section requires a plaintiff to attach an affidavit indicating that the plaintiff has consulted with an appropriate medical professional who is competent to testify pursuant to the Rules of Evidence and who has determined that " * * * there is reasonable cause for the commencement of an action upon the claim against each defendant[.]" R.C. 2307.42(C)(1)(a)(i).

■ Appellant contends that this court's decision, rendered on August 29, 1989, relieved him of the obligation to attach an affidavit as required pursuant to division (C) of R.C. 2307.42. However, appellant has misconstrued this court's decision. In our decision, this court indicated that in cases in which the trier of fact does not need expert testimony to determine whether the physician has proceeded in the treatment of a patient with the requisite standard of care and skill, a plaintiff is permitted to file the following, in lieu of a physician's affidavit:

"An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states that the claimant intends to rely solely on one or more of the following to establish the claimant's claim:

"(i) Res ipsa loquitur;

"(ii) Failure to remove a foreign object;

"(iii) *Any other facts that do not require an expert witness to establish the claim.*" (Emphasis added.) R.C. 2307.42(C)(1)(d)(iii).

In the affidavit attached to appellant's third complaint filed in the Court of Claims, appellant attempts to avail himself of this provision by stating as follows:

"4. That due to the gross and obvious negligence and/or malpractice I should not need an expert witness to prove my case as a layman should be able to determine the claim due to the extended time period I walked around with obvious pneumonia and defendants refused to treat.

"5. Also, Dr. Kevin Murray, the examining physician who treated me when finally sent to Ohio State University for emergency treatment sent a letter to the SOCF physician and nursing staff, which was placed in my medical records telling staff he had never witnessed such a blatant case of neglect. Claimant feels that procuring Dr. Kevin Murray to trial, by subpoena, would produce the necessary testimony to prove negligence/malpractice."

█ On the one hand, appellant argues that he will not need any medical testimony to establish his claim, and yet, on the other hand, appellant indicates that he will require the testimony of Dr. Kevin Murray to establish that the medical staff at SOCF was negligent and that they committed malpractice. Obviously, appellant is unable to establish his claim without expert testimony and, therefore, appellant must file an affidavit which meets the strict requirements of R.C. 2307.42(C)(1)(a)(i) in order for the Court of Claims to have jurisdiction over his case.

R.C. 2307.42(C)(1)(a)(i) provides, in pertinent part, as follows:

"*An affidavit* of the claimant's attorney or, if the claimant is not represented by an attorney, *of the claimant that states that the affiant has consulted with and reviewed the facts* of the matter involved with a physician * * * *or other consultant* with appropriate qualifications to render an opinion, *who the affiant reasonably believes is knowledgeable regarding the issues involved in the particular claim* and is competent pursuant to the Rules of Evidence to testify on the claim; *that after the consultation and review of the facts and relevant medical * * * records and other materials, the reviewing physician * * * has determined that there is reasonable cause for the commencement of an action upon the claim against each defendant;* and that, on the basis of the review and consultation, *the affiant has concluded that there is reasonable cause for the commencement of an action upon the claim against each defendant* [.]" (Emphasis added.)

█ Appellant's affidavit does not meet the above requirements. The affidavit does not indicate that appellant has consulted with a witness who is competent to testify that professional negligence had occurred.

The unsubstantiated claim that one "Dr. Kevin Murray" had sent a letter to SOCF supposedly indicating neglect (which Dr. Murray expressly denied in his own affidavit) does not address the required elements regarding competency. Therefore, appellant's affidavit is insufficient to vest the trial court with jurisdiction pursuant to R.C. 2307.42(C)(1)(a)(i).

 Appellant also argues that it was improper for the Court of Claims to dismiss his third complaint after the court had put on an entry staying proceedings while appellant's action was pending in the United States Sixth Circuit Court of Appeals. However, appellant was not being directed to do anything other than to meet the jurisdictional requirements of the Ohio Court of Claims.

 On July 29, 1991, the trial court put on an entry wherein the court ordered that appellant submit the appropriate documentation as required by R.C. 2307.42 by August 24, 1991 or appellant's complaint would be dismissed for failure to prosecute pursuant to Civ.R. 41(B)(1). Without such documentation, the Ohio Court of Claims was without any jurisdiction to maintain appellant's action against the state. The stay of proceedings does not relieve a party of the need to comply with orders of the trial court.

 Furthermore, appellant argues that the dismissal, pursuant to Civ.R. 41(B), should be without prejudice. According to appellant, if the trial court's entry is construed as a dismissal with prejudice, it would violate appellant's right of access to the courts and due process of law.

Civ.R. 41(B)(1) provides as follows:

"Failure to Prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

Pursuant to Civ.R. 41(B)(3), "[a] dismissal under this subdivision and any dismissal not provided for in this rule, * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Appellant has been provided with the opportunity to file three separate complaints in the Court of Claims. Thereafter, on two separate occasions, the trial court instructed the appellant to file the appropriate documentation required by R.C. 2307.42. On both occasions, appellant failed to comply with the orders of the court. The trial court's entry dated July 29, 1991 clearly informed appellant that if he failed to attach the appropriate documentation as required by R.C. 2307.42, the trial court would dismiss his action for failure to prosecute pursuant to Civ.R. 41(B)(1).

R.C. 2305.19, the savings statute, is not designed to permit a plaintiff to continually disregard the jurisdictional requirements of a court and the orders of a court to comply with such requirements so that he can maintain his cause of action into perpetuity. Appellant has had three years to secure the documentation of a physician as required by R.C. 2307.42. Appellant is not being denied his right to access by the courts. Appellant has denied himself access to the court by continually failing to meet the jurisdictional requirements.

Based on the foregoing, appellant's first and second assignments of error are not well taken and are overruled. The judgment of the Ohio Court of Claims is hereby affirmed.

*Judgment affirmed.*

TYACK, J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, Judge, dissenting.

Being unable to concur in the conclusions reached by the majority, I must respectfully dissent.

The majority imposes upon appellant the duty of obtaining an affidavit to demonstrate reasonable cause for his claim. R.C. 2307.42(C)(1)(a)(i) does not impose such a duty. Rather, the statute requires that he submit *his own affidavit* stating he has consulted with a physician both knowledgeable and competent to testify who has indicated reasonable cause for commencement of the action. Appellant has submitted such an affidavit, the issue being the sufficiency thereof. The affidavit states in part:

" * * * Dr. Kevin Murray, the examining physician who treated me when finally sent to Ohio State University for emergency treatment sent a letter to the SOCF physician and nursing staff, which was placed in my medical records, telling staff he had never witnessed such a blatant case of neglect. Claimant feels that procuring Dr. Kevin Murray to trial, by subpoena, would produce the necessary testimony to prove negligence/malpractice."

Although not as precise as desirable, I would find such affidavit sufficient to meet the requirements of R.C. 2307.42(C)(1)(a)(i). Appellant should not have his case dismissed merely because in the preceding paragraph of his affidavit he indicated his opinion that he should not be required to have a medical expert since, in the last paragraph of the affidavit, he indicated the expert whom he would call and the general nature of the expert's anticipated opinion testimony based upon the facts of this case.

Accordingly, I would reverse the judgment and remand for further proceedings.