IN RE YATES.

(No. 84AP-325—Decided June 19, 1984.)

*Britt, Campbell & Nagel* and *Thomas H. Nagel,* for appellee George William Yates.

*Michael L. Close,* for appellant Carolyn Walker.

REILLY, J. This is an appeal from a judgment of the Juvenile Branch of the Franklin County Court of Common Pleas ordering that custody of the minor child, George W. Yates II, be awarded to the father, George W. Yates, upon his petition for custody. Appellant asserts one assignment of error:

"The trial court erred in applying Ohio Revised Code Section 3109.04(A) in determining the custody of the minor child herein and in applying a 'best interest test' in making that determination rather than applying Ohio Revised Code Section 3109.04(B)."

The findings of fact made by the trial court show that George Yates II was born out-of-wedlock in 1981. In an action brought by appellant to determine paternity, George Yates acknowledged that he was the father. Since his birth, George Yates II has lived with his mother at the home of her parents, Janet and Carl Walker. Janet Walker has assumed primary responsibility for the care of George Yates II.

Appellant is unemployed, and, in November 1983, left the Walker home to live with another man. The trial court found the living conditions at the Walker home to be "questionable," the home being unclean and in a general state of disarray.

George Yates, on the other hand, is presently employed, though on injury leave, and is married. His wife is expecting a child. The trial court found Yates' household to be "suitable," and large enough to accommodate George Yates II, as well as the unborn child.

In its conclusions of law, the trial court found that its custody determination was controlled by R.C. 3109.04(A). The court went on to consider "all rele-vant factors" of R.C. 3109.04(C), and found it to be in the best interest of the child to award custody of the child to the father.

The trial court erred in its application of R.C. 3109.04(A) to the present situation. That section of the statute applies to initial determinations of custody as between the parents. When there has been a previous determination of custody, however, such prior decree can be modified only through the application of R.C. 3109.04(B).

There is a prior determination as to custody in this case by virtue of the principles set forth in this court's decision in *In re Ragland* (Aug. 16, 1983), Franklin App. No. 83AP-113, unreported. In *Ragland* it was recognized that, while there had been no express judicial grant of custody to the mother of an illegitimate child, her legal custody was recognized by implication in the judgment of a prior paternity action, and through the conduct of the parties over a six-year period during which the mother had custody of the child. Thus, the opinion in *Ragland* stated:

"* * * When the mother of an illegitimate child has reared the child from birth for a substantial period of time without the father living with her or the child, she has sole legal custody of the child which cannot be changed without proof of circumstances that would permit a change of custody granted by a prior decree. * * *"

Although appellee is correct in the observation that the facts of the present case are not identical to those found in *Ragland,* they are similar enough to require the application of that case herein. As in *Ragland,* the parents have never lived together during the life of the child. A prior action was brought by the mother, in which the father acknowledged paternity. The mother has had sole legal custody of the child for a substantial period of time, and the mother has been responsible for the sup-

port of the child, with little or no assistance from the father.

Therefore, the assignment of error is sustained and the judgment of the trial court awarding permanent custody of George Yates II is reversed. The case is remanded to the trial court for determination of the application for change of custody, applying the provisions of R.C. 3109.04(B) in accordance with law and this decision.

*Judgment reversed
and case remanded.*

McCORMAC, P.J., and STRAUSBAUGH, J., concur.