OPINION
{¶ 1} Heather Mefford is appealing the judgment of the Greene County Common Pleas Court Juvenile Division which awarded custody of her minor child to Ted Jent, the father of the child.
 {¶ 2} Kaleb Mefford was born on January 25, 1998 to Heather Mefford and Ted Jent. Ms. Mefford and Mr. Jent were never married but were living together at the time of Kaleb's birth. However, the parties' relationship deteriorated and they ceased living together on April 7, 1999. Ms. Mefford retained sole custody of Kaleb and Mr. Jent exercised visitation with Kaleb. Ms. Mefford asserts that Mr. Jent did not exercise his visitation regularly and that she took the initiative to insure that Kaleb visited with Mr. Jent. Both Ms. Mefford and Mr. Jent point to negative behavior on the other's part, criticizing the other's parenting skills.
 {¶ 3} Mr. Jent filed a motion for custody of Kaleb on June 18, 1999. After an evidentiary hearing, custody of the child was awarded to Mr. Jent on February 3, 2000 by the magistrate. After Ms. Mefford filed objections, another evidentiary hearing was held in order for Ms. Mefford to testify. After the second evidentiary hearing, the magistrate rendered a decision upholding her decision to give custody to Mr. Jent. Ms. Mefford filed objections to the magistrate's decision. After holding a hearing on the objections, the trial court entered a judgment upholding the magistrate's decision. Ms. Mefford has filed this appeal from that judgment.
 {¶ 4} Ms. Mefford raises the following assignments of error:
"1. The trial court erred to the prejudice of the appellant in holding that no showing of a change in circumstances is required before entering into an analysis of the best interests of the child.
"2. The trial court erred to the prejudice of the appellant in that his decision is against the manifest weight of the evidence.
"3. Ohio Revised Code section 3109.04(E) is unconstitutional in that it violates appellant's equal protection rights."
Appellant's first assignment of error
 {¶ 5} Ms. Mefford asserts that the trial court erred in granting custody to Mr. Jent without making a finding of a change of circumstances since she retained custody of the child after the parties stopped living together. We disagree.
 {¶ 6} R.C. 3109.04(E)(1) limits a court's power to alter a prior decree which allocated parental rights and responsibilities only to situations in which a change in the circumstances of the child or the child's parents have occurred since the prior decree. Ohio courts have held that R.C. 3109.04(E)(1) may apply not only to prior decrees establishing custody but also to court decrees establishing paternity. InRe Yates (1984), 18 Ohio App.3d 95; Lucas v. Estes (Feb. 13, 1989) Montgomery App. No. 10970. "A change of circumstances standard must be applied only where a prior decree has allocated parental rights and responsibilities and the trial court has been asked to modify that decree" pursuant to R.C. 3109.04(E)(1)(a). In re Kyle Nared (Jan. 18, 2000), Butler App. No. CA99-05-090.
 {¶ 7} Ms. Mefford argues that R.C. 3109.04(E)(1)'s change of circumstances limitation should have applied to the instant case because when she and Mr. Jent ceased living together, she retained custody of Kaleb. Thus, Ms. Mefford argues that in order to change that established relationship, Mr. Jent should have had to demonstrate a change of circumstances in order to obtain custody of Kaleb. However, R.C.3109.04(E)(1) explicitly states that the change of circumstances requirement applies only where there is a prior decree allocating parental rights and responsibilities. In the instant case, no prior decree establishing custody or paternity existed. Since no such decree existed, the trial court was correct to not utilize R.C. 3109.04(E)(1)'s change of circumstances limitation but to determine custody based on the best interests of the child. This assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 {¶ 8} Ms. Mefford argues that the trial court erred as the court's judgment was against the manifest weight of the evidence as applied to the statutory factors listed in R.C. 3109.04(F). We disagree.
 {¶ 9} R.C. 3109.04(F)(1) provides:
 {¶ 10} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 11} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 12} "(b) * * *
 {¶ 13} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 14} "(d) * * *;
 {¶ 15} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 16} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 17} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 18} "(h) * * * whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 19} "* * *."
 {¶ 20} When reviewing a trial court's judgment under a manifest weight standard of review, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 8 O.O.3d 261; Seasons Coal, Co., Inc. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 21} Ms. Mefford argues that the evidence presented when applied to the R.C. 3109.04(F)(1) factors weighed in favor of her having custody of Kaleb. Specifically, Ms. Mefford pointed to Mr. Jent's history of domestic violence and drug abuse. However, the evidence presented at trial showed that Mr. Jent had not had any incidents of domestic violence for several years, had taken classes in anger management, and had been sober for several years. Additionally, the evidence at trial demonstrated that Ms. Mefford had some negative parenting behavior, such as having Kaleb sleep in the same bed with her and another man and leaving Kaleb alone in a car for ten minutes while she went into a bar. Additionally, the evidence demonstrated that Kaleb and Mr. Jent had a good relationship and Mr. Jent had a stable home and employment. We cannot say that there was not competent, credible evidence under the R.C. 3109.04(F)(1) factors to support the trial court's award of custody to Mr. Jent. The magistrate was in the best position to observe the witnesses and determine their credibility. The judgment of the trial court granting Mr. Jent custody of Kaleb was not against the manifest weight of the evidence. Ms. Mefford's second assignment of error is without merit and is overruled.
Appellant's third assignment of error:
 {¶ 22} Ms. Mefford asserts that R.C. 3109.04(E) is unconstitutional in that it violates her equal protection rights by discriminating against parents who are not married and therefore would not receive a custody decree upon their separation. We need not address this issue. Ms. Mefford failed to raise this issue before the trial court and therefore, she cannot raise it here for the first time. This assignment of error is without merit and is overruled.
 {¶ 23} The judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.