DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, which maintained the status quo for custody of the minor children of appellant and appellee. Because we conclude that the trial court did not abuse its discretion in its custody determinations, we affirm.
 {¶ 2} Terry J. ("mother") and Tyrone F. ("father") are the parents of three daughters, the custody of whom is the subject of this appeal: Clariet (born in 1989), Barbara (born in 1990), and Mattie (born in 1992). In May 2004, father filed a "motion to show cause" with the juvenile court alleging that mother was in violation of a court order and that the children were being abused. In July 2004, father filed a motion for custody of Clariet, Mattie, and Barbara and a motion to "go over child support." A judgment entry filed on August 10, 2004, indicates that mother agreed to transfer legal custody of Clariet, then 14 years old and pregnant, to father.
 {¶ 3} On August 10, 2004, mother also filed a motion to show cause concerning father's violation of visitation orders by keeping Mattie from June 27, 2004 to August 9, 2004, instead of returning her after his scheduled visitation. On October 7, 2004, mother filed a motion for modification of parental rights, to return custody of Clariet to her, and for father to have visitation at Kobacker Center, a mental health facility.
 {¶ 4} The magistrate conducted hearings on December 15, 2004, March 14, 2005, and March 16, 2005, for which father, acting pro se, filed 74 subpoenas. Many witnesses testified during the hearings, including police officers, EMT personnel, and representatives from Lucas County Child Services ("LCCS"). On April 19, 2005, the magistrate issued numerous factual findings regarding the general behavior and parenting of both parties. Based on these findings, the magistrate determined that mother's request for return of custody of Clariet to her be denied. The magistrate also denied father's motion to change custody and concluded that custody of Mattie and Barbara should remain with mother.
 {¶ 5} Father was also found to be in contempt of court regarding the prior visitation order, and ordered to serve 30 days in jail. That sentence was suspended on the condition that father abide by the visitation schedule as ordered and that he give up his visitation with Mattie from June 7, 2005 to September 9, 2005, to permit mother extra parenting time with the child. Finally, the magistrate changed the child support obligation for each parent to $0.
 {¶ 6} Father filed objections to this decision. On May 4, 2005, the trial court overruled his objections and adopted the magistrate's decision.
 {¶ 7} Appellant father now appeals from that decision, arguing the following sole assignment of error:
 {¶ 8} "The Trial Court abused its discretion and unreasonably, arbitrarily and unconscionably ignored the factors required by Ohio Revised Code 3109.04(iii) [sic] and 3109.04(F) (a-j) when it failed against the manifest weight of the evidence to modify the allocation of parental rights as requested by the Defendant-Appellant."
 {¶ 9} Appellant father essentially argues that the trial court failed to fully consider the appropriate standards and factors in R.C. 3109.04 and that the evidence presented did not support the trial court's custody determinations.[1]
 {¶ 10} A decision regarding custody of a child will not be reversed absent an abuse of discretion. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 416-417; Miller v. Miller (1988),37 Ohio St.3d 71, 74. In order to find an abuse of discretion, the reviewing court must conclude that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217, 219. If a trial court's decision concerning the child's best interests is not supported by competent, credible evidence, then it is unreasonable and may be reversed. In re Nice (2001)
 {¶ 11} 141 Ohio App.3d 445, 455. The trial court, rather than the reviewing court, is in the best position to weigh the testimony and observe the witnesses' demeanor in order to gauge their credibility. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,138.
 {¶ 12} R.C. 3109.04(E)(1) limits a court's power to alter a prior decree which allocated parental rights and responsibilities only to situations in which a change in the circumstances of the child or the child's parents have occurred since the prior "decree." In re Mefford, 2d Dist. No. 2002 CA 37, 2003-Ohio-313, at ¶ 6. Ohio courts have held that R.C.3109.04(E)(1) applies not only to prior decrees establishing custody but also to court decrees establishing paternity. In ReYates (1984), 18 Ohio App.3d 95; Lucas v. Estes (Feb. 13, 1989), No. 10970. "A change of circumstances standard must be applied only where a prior decree has allocated parental rights and responsibilities and the trial court has been asked to modify that decree" pursuant to R.C. 3109.04(E)(1)(a). In re Nared
(Jan. 18, 2000), 12th Dist. No. CA99-05-090.
 {¶ 13} The Ohio Supreme Court has held that the best interests standard is the appropriate standard for the juvenile court to apply in a proceeding to modify legal custody:
 {¶ 14} "[A]fter the legal custody determination is made, the best-interest-of-the-child standard should be used for any custody modification petitions filed by a natural parent. * * * After such a determination has established, or taken away, a parent's fundamental custodial rights, the focus must shift from the rights of the parents to the rights of the child. A child's rights are effectuated through the use of the best-interest-of-the-child standard for subsequent custodial modification requests." In re Hockstok, 98 Ohio St.3d 238,2002-Ohio-7208, at ¶ 38.
 {¶ 15} To guide a court in determining the best interest of a child when considering a modification of custody, R.C.3109.04(F)(1) provides that:
 {¶ 16} "* * * the court shall consider all relevant factors, including, but not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 24} "* * *"
 {¶ 25} In this case, although father presented many witnesses and a great deal of testimony regarding mother's alleged parenting flaws, much of the evidence involved incidents that had occurred one to two years before the hearing. In our view, the magistrate was in the best position to observe these witnesses and determine their credibility. Moreover, nothing in the record indicates that, at the time of the hearings, any of the children were being mistreated. As the magistrate noted, LCCS had investigated abuse or neglect allegations regarding both mother and father, but had failed to find a need for intervention.
 {¶ 26} The evidence indicated that mother and father each have a different parenting style and what might be considered positive and negative methods of dealing with the children. Father is disabled and spends more of his time in direct control of Clariet and her baby. Mother has a full-time job and does her best to supervise and control the other two children's actions. Despite these differences, however, the trial court concluded that each of the three children were receiving the appropriate care and parenting to their needs, and that a change in custody would not serve their best interests. Moreover, father exhibited his lack of cooperation with visitation orders by attempting to prevent contact between Clariet and her mother. After a thorough review of the record, we conclude that there was competent, credible evidence under the R.C. 3109.04(F)(1) factors to support the trial court's findings and legal conclusions. Therefore, we cannot say that the trial court abused its discretion in determining that custody of Mattie and Barbara should remain with their mother. Appellant's sole assignment of error is found not well-taken.
 {¶ 27} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., concur.
[1] We note that appellant's reference to R.C. "3109.04(iii)" is confusing, since there is no such part to this section, and nothing in his argument provides any clarification of this reference.