OPINION *Page 2 
{¶ 1} Appellant Gregory Wheeler appeals from the January 7, 2008, Journal Entry of the Guernsey County Court of Common Pleas, Juvenile Division continuing custody of Kaydence Tylar Colvin with appellee Jennifer Colvin.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Kaydence Tylar Colvin (DOB 12/08/05) is the biological child of appellant Gregory Wheeler and appellee Jennifer Colvin. The parents have never been married to each other. Appellant's paternity was determined by the Guernsey County Child Support Enforcement Agency (CSEA) as part of an administrative paternity determination. Pursuant to an administrative order issued in May of 2006, by the CSEA, appellant was ordered to pay child support for the minor child.
 {¶ 3} On May 24, 2007, appellant filed a "Complaint for Determination or Parental Rights and Responsibilities." On the same date, appellant filed a motion for temporary orders, seeking parenting time with the minor child. Thereafter, on June 27, 2007, appellant filed an ex parte motion with the trial court, seeking an order restraining either party from removing the child from the State of Ohio. Such motion was granted pursuant to an order filed on the same day.
 {¶ 4} Following the July 6, 2007, hearing on temporary orders, the trial court, as memorialized in a Journal Entry filed on July 24, 2007, denied "the temporary orders restraining mother from moving from the State of Ohio." The trial court also set a pretrial for August 23, 2007. Appellee then moved with the minor child to Tennessee.
 {¶ 5} After the August 23, 2007, pretrial, appellant was granted parenting time with the minor child for one weekend per month, consisting of two, three hour visits. *Page 3 
 {¶ 6} A final hearing was held before the trial court on December 14, 2007. At the hearing, appellant requested that he be named residential parent and legal custodian of the minor child and that appellee be granted parenting time. Appellant argued that it was in his daughter's best interest to live with him in Guernsey County.
 {¶ 7} Pursuant to a Journal Entry filed on January 7, 2008, the trial court concluded that "the best interest of the child dictates that [she] be placed with the father [appellant]." However, the trial court granted legal custody to appellee, stating, in relevant part, as follows:
 {¶ 8} "D. This Court must now decide whether or not the benefits of a change of custody from the mother to the father would be outweighed by the detriment that a change would occasion. This Court cannot so find and must continue the custody with the mother. This Court must caution that any change in the mother's life could cause it to re-consider this decision."
 {¶ 9} Appellant was awarded parenting time with the child in accordance with the court's Standard Order of Parenting.
 {¶ 10} Appellant now raises the following assignment of error on appeal:
 {¶ 11} "THE TRIAL COURT ERRED BY ENGAGING IN A REVIEW OF THIS MATTER ON THE BASIS OF A CHANGE OF CUSTODY PURSUANT TO OHIO REVISED CODE SECTION 3109.04(E) RATHER THAN AN INITIAL CUSTODY DETERMINATION PURSUANT TO OHIO REVISED CODE SECTION 3109.04(B)(1)." *Page 4 
 I {¶ 12} Appellant, in his sole assignment of error, argues that the trial court erred in applying the standard for a change of custody set forth in R.C. 3109.04(E)(1)(a) rather than the standard for an initial custody determination set forth in R.C. 3109.04(B)(1). We agree.
 {¶ 13} R.C. 3109.04(B)(1) governs initial custody awards. Such section states, in relevant part, as follows: "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children."
 {¶ 14} In contrast, R.C. 3109.04(E)(1)(a) governs modifications of prior custody decrees. Such section states as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred inthe circumstances of the child, the child's residential parent, oreither of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 15} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent. *Page 5 
 {¶ 16} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 17} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 18} As noted by the court in In the Matter of Knight, Trumbull App. No. 2002-T-0158, 2003-Ohio-7222, at paragraph 13, R.C. 3109.04(E)(1)(a) governs the modification of an existing decree allocating parental rights and responsibilities, and is not applicable when the trial court makes an original designation of the residential parent and legal guardian. The court, in In the Matter of Knight, held that there could not be a modification of a decree when there was no past decree allocating parental rights and responsibilities in the first place.Id. See also Self v. Turner, Mercer App. No. 10-06-07, 2006-Ohio-6197. Similarly, since, in the case sub judice, there was no past decree allocating parental rights and responsibilities, there was no prior decree that the trial court could modify. See also Horning v.Wolff, Stark App. No. 2005-CA-00310, 2006-Ohio-6397[1] and Flax v.Wise, Fayette App. No. CA2007-05-017, 2008-Ohio-3076 at fn. 1.
 {¶ 19} In such case, R.C. 3109.042 applies. Such statute states as follows: "An unmarried female who gives birth to a child is the sole residential parent and legal *Page 6 
custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon equality when making the designation." R.C. 3109.42 became effective on January 1, 1998. Such section "codifies the concept of the mother's `implied custody' set forth in In re Yates
(1094), 18 Ohio App.3d 95, 481 N.E.2d 646, thereby requiring custody disputes of unmarried parents to be resolved by the courts." SeeKnight, supra, at paragraph 16.
 {¶ 20} As noted by the court in Self v. Turner, supra, "R.C. 3109.042
confers a default status on [the mother] as the residential parent until an order is issued by the trial court designating the residential parent and legal guardian. It is not, in and of itself, a decree allocating parental rights and responsibilities and, under these circumstances, the trial court's custody determination need only be based on the best interests of the child according to R.C. 3109.04(B)(1) rather than the requirements set forth under R.C. 3109 .04(E)(1)(a). Knight, 2003-Ohio-2777, at ¶ 16.
 {¶ 21} "Following R.C. 3109.04(B)(1), the trial court must apply the `best interest' test of R.C. 3109.04(F) and the factors listed therein. The trial court must balance the competing interests of the natural parents with the child's best interests to determine if either parent would be a suitable custodian for the child. R.C. 3109.04;Knight, 2003-Ohio-2777, at ¶ 17. R.C. 3109.042 requires the trial court to treat each parent as standing upon equal footing. Id. Therefore, unlike R.C. 3109.04, when a court is petitioned pursuant to R.C. 3109.042, neither party is entitled to a strong presumption in his or her favor." Id. at paragraphs 7-8. *Page 7 
 {¶ 22} Based on the foregoing, we find that the trial court erred in failing to apply the standard for an initial custody determination set forth in R.C. 3109.04(B)(1). Because this was an initial custody determination, the trial court erred in considering the factors for modification of custody set forth in R.C. 3109.04(E)(1)(a).
 {¶ 23} Accordingly, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings.
 Edwards, J. Gwin, P.J. and Farmer, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is reversed and remanded. Costs assessed to appellee.
[1] In the Horning case, a Judgment Decree of Paternity was filed on August 13, 2004. On September 2, 2004, the appellee, who was the biological father, filed a "Motion and/or complaint to Establish Companionship Custody and Allocation of Parental Rights and Responsibilities, or in the Alternative Shared Parenting." After the trial court granted legal custody of the minor child to the appellee, the appellant mother appealed, arguing that the trial court had erred in treating the proceedings as an initial custody determination. Appellant mother argued that the trial court should have applied the change of circumstances test set forth in R.C. 3109.04(E)(1) for a modification of custody. This Court disagreed, noting that there was no past decree allocating parental rights and responsibilities that could be modified by the trial court. *Page 1